UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ROBERT REVELS,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )   No. 2:26-cv-00031-JRO-MKK
                                        )
CAPITAL ACCOUNTS, LLC,                  )
                                        )
            Defendant.                  )

**ORDER SCREENING COMPLAINT,
DISMISSING COMPLAINT, AND PROVIDING OPPORTUNITY TO AMEND**

The Court previously granted *pro se* Plaintiff Robert Revels's Motion for Leave to Proceed *In Forma Pauperis*. Dkt. 8. Plaintiff initiated this action against Defendant Capital Accounts, LLC, alleging breach of contract and other claims related to Defendant's employment of Plaintiff. Dkt. 2 at 1–3. Because the Court granted the motion to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons below, the Court dismisses some claims and allows others to proceed.

**I. SCREENING STANDARD**

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.* Dismissal under § 1915 is an exercise of this Court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992).

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because a defendant must have "fair notice of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that he has been illegally harmed. *Twombly*, 550 U.S. at 555. Rather, he must set forth a "short and plain statement" of facts in his complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged. Fed. R. Civ. P. 8(a)(2).

*Pro se* complaints, such as Plaintiff's, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett*, 658 F.3d at 751. Nevertheless, any plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

## II.  THE COMPLAINT

The Court accepts Plaintiff's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take

all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

Revels is a prisoner in the Wabash Valley Correctional Facility.  Capital Accounts is a debt collection agency that operated and supervised a call center at Wabash Valley Correctional Facility.  Revels was hired by Capital Accounts LLC ("Capital Accounts") as a Financial Services Sales Agent.

Revels and Capital Accounts entered into an employment contract where Capital Accounts agreed to employee Revels until the end of its contract with Indiana Correctional Industries at the pay rate authorized by law.  Capital Accounts told Revels it was only allowed to pay him a rate between $0.50 and $1.50 per hour.  It in fact paid Revels within this band.  Capital Accounts made Revels an Account Manager in March of 2024.  In this role, he worked with clients to encourage them to send delinquent accounts to Capital Accounts.  In February of 2025, Capital Accounts promised incentives to Account Managers; it would pay them a commission of 0.005% of the dollars in delinquent accounts that clients sent to Capital Accounts.

Also in February of 2025, Judge Magnus-Stinson held that the Fair Labor Standards Act's ("FLSA") minimum wage requirements may apply to Capital Accounts's prisoner-employees.  *Clark v. Carter*, 768 F. Supp. 3d 927, 937 (S.D. Ind. 2025).

In April of 2025, Capital Accounts closed the call center at Wabash Valley Correctional Facility despite the fact that it had two years left of its contract with

3

Indiana Correctional Industries.  Revels alleges Capital Accounts closed the call center because they knew they owed contracted prisoner-employees wages under the FLSA.

Revels brings the following claims: a claim for compensation under the FSLA (Count I); a breach of contract claim (Count II); a claim for deprivation of property interest and employment (Count III); a claim for retaliatory discharge (Count IV).

### III. DISCUSSION

Where a *pro se* litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory.  *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606–07 (7th Cir. 2009)). Some of Revels's claims are dismissed while others proceed.

First, Revels's claim for deprivation of property interest and employment must be dismissed.  The Due Process Clause of the Fourteenth Amendment of the Constitution of the United States provides that no State shall "deprive any person of life, liberty, or property, without due process of law."  If the State deprives a person of a property interest without due process, the targeted individual may bring a claim under 42 U.S.C. § 1983 to vindicate his rights. However, such claims may be brought only against defendants acting "under the color of state law."  *Wilson v. Warren Cnty., Illinois*, 830 F.3d 464, 468 (7th Cir. 2016).  "For a private actor to act under color of state law he must have had a

'meeting of the minds' and thus reached an understanding with a state actor to deny plaintiffs a constitutional right." *Id.* (cleaned up). Capital Accounts is a private actor, and Revels does not allege any kind of understanding between it and a state actor that would support a § 1983 claim against Capital Accounts. *See id.* (requiring the private and state actors have a "meeting of the minds" to deny a plaintiff a constitutional right before imposing Section 1983 liability on either). Nor does he allege the state contracted with Capital Accounts to fulfill some state obligation or essential government function. *C.f. Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653–54 (7th Cir. 2021) (discussing liability under Section 1983 and *Monell* for a private healthcare contractor providing services the government was "obligated to provide to incarcerated persons"). Accordingly, Revels failed to state a claim upon which relief can be granted, and his claim for deprivation of property interest must be **DISMISSED**.

Second, Revel's claim for retaliatory discharge must be dismissed. To state a claim for retaliation, a plaintiff must plausibly allege that (1) he engaged in activity protected by law, (2) his employer took an adverse employment action against him, and (3) there is a causal link between the two. *See O'Donnell v. Caine Weiner Co., LLC*, 935 F.3d 549, 553 (7th Cir. 2019). Revels does not allege either the first or last element. He does not claim to have engaged in any protected activity (such as the filing of a lawsuit) related to his employment. And he alleges an entirely different causal link. He says the call center closed because Capital Accounts would otherwise have to pay its workers minimum wage. There is no allegation that Revels's job at the call center ended because he engaged in

5

protected activity.  Because Revel failed to plead the required elements of a retaliation claim, this claim must be **DISMISSED**.

Revel's breach of contract and FLSA claims against Capital Accounts **shall proceed**.

A last note on jurisdiction.  Revel appropriately asserts federal question jurisdiction over the FLSA claim.  *See* 28 U.S.C. § 1331.  He claims diversity jurisdiction over the remaining claims.  *See* 28 U.S.C. § 1332.  He asserts supplemental jurisdiction over the state law claims in the alternative.  The Court finds Revel has not pled diversity jurisdiction.[1]  However, because the breach of contract claim is part of the same case or controversy as the FLSA claim, the Court can exercise supplemental jurisdiction over the breach of contract claim. 28 U.S.C. § 1367.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Revel believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have through **July 29, 2026**, in which to file a motion to reconsider the screening order.

---

[1] Revels has not pled the parties are completely diverse, and so he has not established diversity jurisdiction.  He alleges that he is a citizen of Indiana while Capital Accounts is "formed under the laws" of Tennessee and has its principal address therein.  Dkt. 2 at 1.  However, it is well established that a limited liability corporation, like Capital Accounts, takes on the citizenship of all its members. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006).  Because he is silent on the citizenship of the LLC's members, Revels has failed to plead the requirements for diversity jurisdiction.

## IV. CONCLUSION

For these reasons, Revels's FLSA claim and breach of contract claim against Capital Accounts shall proceed. All other claims are dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date:  7/1/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:


ROBERT REVELS
137042
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838


CAPITAL ACCOUNTS LLC
P.O. Box 140065
Nashville, TN 37215-2613

7